EDWARD T. BARRETT, ADMINISTRATOR AD PROSEQUEN-
DUM OF MARY M. BARRETT, DECEASED, PLAINTIFF,
v. WILLIAM F. McDONALD, DEFENDANT.

Decided October 31, 1931.

For the plaintiff, *Michael T. & Hugh C. Barrett.*

For the defendant, *Lindabury & Steelman.*

SMITH, C. C. J. This suit is brought to enforce a claim
under the Death act. The plaintiff administrator *ad prose-
quendum,* Edward T. Barrett, died subsequent to the insti-
tution of this suit, and the surrogate, on application of the
next of kin, has appointed Anna M. Barrett as administratrix
*ad prosequendum* in the place of deceased administrator.
Application is now made to amend by substituting the name
of the new administratrix and for some other minor changes
which are not opposed.

The application, however, is opposed on the ground that
the cause of action abates by the death of the administrator
*ad prosequendum* and is not revived by section 3 of the
Abatement act, because that section provides only for reviver
if the action might be originally prosecuted or maintained by
the executor or administrator of the deceased plaintiff, and
of course, the executor or administrator of Edward T. Barrett
could not have originally maintained this suit.

In order to dispose of this question it is necessary to deter-
mine whether or not the cause of action abates by the plain-
tiff's death. The cause of action is that of the next of kin,
and therefore I see no reason why the amendment cannot be
made. Our Court of Errors and Appeals in the case of

*Cooper* v. *Shore Electric Co., 63 N. J. L. 558*, recognizes that an action does not abate by the death of the administrator. It may be that that ruling was not necessary for the decision of the case, but it seems clear that where the cause of action does not abate, there may be a substitution for a deceased nominal plaintiff.

The plaintiff's application will be granted.